UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL JAMES LAYOU,

                    Plaintiff,

        -against-                                 9:11-CV-0114 (LEK/RFT)

DOUGLAS K. CREWS, Patrolman,
Village of Phoenix Police Department;
MICHAEL STAFFORD, Administrator,
Oswego County Correctional Facility;
COUNTY OF OSWEGO; and the
ESTATE OF RODNEY CARR,

                    Defendants.

## **DECISION and ORDER**

**I.    INTRODUCTION**

This *pro se* action under 42 U.S.C. §§ 1981(a), 1983, and 1985 comes before the Court on a Report-Recommendation filed September 12, 2013, by the Honorable Randolph F. Treece, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Dkt. No. 59 ("Report-Recommendation"). Judge Treece recommends that the Court grant Defendants' Motion for judgment on the pleadings as to: (1) Plaintiff's claims for intentional infliction of emotional distress ("IIED"), unlawful search, and excessive force in handcuffing by Defendant Crews; (2) Plaintiff's claims for abuse of process and malicious prosecution by Defendants Crews and the Estate of Rodney Carr; (3) all of Plaintiff's claims against the County of Oswego for failure to satisfy the Monell pleading standard for municipal liability; and (4) all of Plaintiff's claims under § 1981(a) and § 1985(3) against all Defendants. See Report-Rec. at 17-28, 25; Dkt. No. 53 ("Motion"). Judge Treece recommends that the Court deny the Motion as to Plaintiff's claims for: (5) excessive force

in pepper-spraying by Defendant Crews; (6) denial of access to the courts by Defendant Stafford; and (7) unlawful search, seizure, and arrest by Defendant Crews.[1] See Report-Rec. at 25. Plaintiff timely filed a number of objections to the Report-Recommendation, which the Court now addresses. See Dkt. No. 63 ("Objections").

## II. STANDARD OF REVIEW

A district court must review *de novo* any objected-to portions of a magistrate judge's report-recommendation or specific proposed findings or recommendations therein and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b); see also Morris v. Local 804, Int'l Bhd. of Teamsters, 167 F. App'x 230, 232 (2d Cir. 2006); Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011); Barnes, 2013 WL 1121353, at *1; Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). A district court also "may receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b)(3).

---

[1] For a complete statement of the claims and underlying facts, reference is made to the Report-Recommendation.

2

**III. DISCUSSION**

**A. Intentional Infliction of Emotional Distress**

Plaintiff contends that the Report-Recommendation erred by citing only to ¶ 39 of his Second Amended Complaint when discussing his IIED claim. Objs. at 1; see Dkt. No. 50 ("Second Amended Complaint"). In support of this objection, Plaintiff cites to ¶¶ 74 and 75 of the Second Amended Complaint; however, ¶ 74 merely repeats and realleges ¶¶ 1-73 of the Second Amended Complaint, and ¶ 75 recites the elements of an IIED claim without additional supporting factual allegations.[2] See Second Am. Compl. ¶¶ 74-75. Accordingly, the Court has reviewed this aspect of the Report-Recommendation only for clear error. Having found none, the Court adopts Judge Treece's recommendation.

**B. Unlawful Search**

Plaintiff's objection to the recommended disposition of his unlawful search claim against Defendant Crews consists of a single unadorned quotation: "[G]ood faith [will not] rectify an otherwise unlawful arrest." Objs. at 3 (quoting Broughton v. State, 335 N.E.2d 310, 315 (N.Y. 1975)). To the extent Plaintiff is attempting to invoke the "fruit of the poisonous tree" aspect of unlawful search doctrine, he cannot: it does not apply to § 1983 actions. Townes v. City of New York, 176 F.3d 138, 145 (2d Cir. 1999). Otherwise, as Judge Treece ably explained, Plaintiff states that Defendant Crews did not personally search him; accordingly, Plaintiff cannot maintain an action against Defendant Crews for a search that Defendant Crews did not perform or have authority

---

[2] Plaintiff also cites to page seven of his Response to Defendants' Motion, which in turn cites ¶¶ 10, 13-17, 24-25, 29, 38, 54, 63, 65, and 67 of the Second Amended Complaint. Objs. at 1; see Dkt. No. 56 at 7. The Court has reviewed these paragraphs and found no factual allegations plausibly supporting an IIED claim under New York law. See, e.g., Nevin v. Citibank, N.A., 107 F. Supp. 2d 333, 345 (S.D.N.Y. 2000).

to order.  See Report-Rec. at 15-16.  The Court therefore adopts Judge Treece's recommendation on this claim as well.

**C. Excessive Force in Handcuffing**

Plaintiff objects to Judge Treece's recommendation on the excessive force in handcuffing claim with the conclusory statement that the severity of the handcuffs' use was objectively unreasonable under the circumstances.  Objs. at 3.  The Court therefore has reviewed Judge Treece's recommendation on this claim only for clear error.  Having found none, the Court adopts the recommendation.

**D. Abuse of Process and Malicious Prosecution**

Plaintiff seeks leave to further amend his Complaint on the basis that he failed to recognize the difference between malicious use of process and malicious abuse of process and intended to plead the former.  Objs. at 3-4; see Jennings v. Shuman, 567 F.3d 1213, 1216 (3d Cir. 1977) (explaining the distinction).  Malicious use of process, however, is "also known as malicious prosecution," see Jennings, 567 F.3d at 1216, which the Report-Recommendation already addressed.  See Report-Rec. at 17-18; see also Objs. at 4 (objecting to Report-Recommendation's treatment of malicious prosecution claim).  Accordingly, the Court has reviewed Judge Treece's abuse of process analysis for clear error and found none.  Plaintiff's request to amend his Complaint is denied.

Plaintiff contends that he established malicious prosecution based on fraud, perjury, and the misrepresentation of evidence.  Objs. at 4.  However, as Judge Treece explained, Plaintiff cannot maintain a malicious prosecution claim because, contrary to Plaintiff's assertion, the criminal prosecution of Plaintiff was not terminated "favorably" to Plaintiff for purposes of a malicious

4

prosecution suit. See Report-Rec. at 17-18. Plaintiff's prosecution was reversed by the Appellate Division of New York Supreme Court because "the evidence was tainted by an unlawful search and seizure, and/or the chain of custody over the evidence could not be established." Report-Rec. at 18. As a matter of law, this is not a "favorable termination" permitting the accused to bring a malicious prosecution action. See Report-Rec. at 17-18; see, e.g., Martinez v. City of Schenectady, 735 N.Y.S.2d 868, 872 (App. Div. 2001) ("Plaintiff's felony conviction was reversed not because of her lack of culpability . . . but because the evidence that formed the basis for her conviction was obtained pursuant to a faulty search warrant. There is plainly no favorable termination here for purposes of malicious prosecution."). The Court therefore adopts Judge Treece's recommendation as to this claim.

**E. Municipal Liability**

Plaintiff's objection to Judge Treece's discussion of municipal liability does nothing to cure the defects Judge Treece identified; *i.e.*, that Plaintiff has identified neither a municipal policy or custom of violating constitutional rights nor sufficient facts to show or from which it could be inferred that the municipality's policymakers have failed to properly train their subordinates to prevent such violations. Objs. at 4-5; see Report-Rec. at 20-22. See generally Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). The Court therefore adopts Judge Treece's recommendation to dismiss the County of Oswego from this action.

**F. Section 1981(a) and Section 1985(3) Claims**

Finally, Plaintiff objects to the recommended dismissal of his § 1981(a) and § 1985(3) claims because his "Complaint pleads [the] necessary requirements for purposeful discrimination of his constitutional rights." Objs. at 5. As Judge Treece explained, a § 1981 claim requires a plaintiff

5

to show that she is a racial minority, while a § 1985 claim requires a plaintiff to show that she was targeted by a conspiracy due to her membership in a constitutionally protected class. Report-Rec. at 22-24. Plaintiff alleges that he is poor, a convicted felon, and a drug addict, but these categories have not been recognized as protected classes under § 1985 and do not satisfy the racial-minority requirement of § 1981. See Report-Rec. at 23-24 (collecting cases). Accordingly, Judge Treece's recommendation is adopted on these claims.

### G. Remainder of the Report-Recommendation

The Court has reviewed the remainder of the Report-Recommendation for clear error because it was not objected to. See generally Dkt. Having found no such error, the Court adopts the remainder of the recommendations.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 59) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 53) for judgment on the pleadings is **GRANTED in part** consistent with the Report-Recommendation (Dkt. No. 59); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED.**

DATED: September 30, 2013
Albany, NY

Lawrence E. Kahn
U.S. District Judge